UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00906-SVW-DFM | Date | March 27, 2026 |
|---|---|---|---|

| Title | *Lakhwinder Lakhwinder v. Warden of the Desert View Facility et al* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [3]

## I.     Introduction

Before the Court is Petitioner Lakhwinder Lakhwinder's ex parte application for a temporary restraining order ("TRO"). ECF No. 3. For the following reasons, Petitioner's ex parte application is DENIED.

## II.     Background

Petitioner Lakhwinder Lakhwinder is a native and citizen of India who entered the United States on April 27, 2024, was briefly detained pursuant to a Form I-200 warrant, and released on his own recognizance subject to alternatives to detention monitoring and routine Immigration and Customs Enforcement reporting requirements. Petition ("Pet."), ECF No. 1, ¶ 2. Petitioner was taken into custody on February 18, 2026 after reporting to an ICE appointment. *Id.* ¶ 6.

:

|  | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00906-SVW-DFM | Date | March 27, 2026 |
|---|---|---|---|

| Title | *Lakhwinder Lakhwinder v. Warden of the Desert View Facility et al* |
|---|---|

On February 25, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, arguing this Court should release him because his detention is governed by 8 U.S.C. § 1226, unconstitutional under the Fifth Amendment Due Process Clause, and a violation of the Administrative Procedure Act. *See* Pet. The same day, Petitioner also filed a TRO requesting this Court immediately release him from Respondents' custody, among other relief. *See* TRO.

### III. Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

### IV. Discussion

#### A. Likelihood of Success on the Merits

:

| | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00906-SVW-DFM | Date | March 27, 2026 |

| | |
|---|---|
| Title | *Lakhwinder Lakhwinder v. Warden of the Desert View Facility et al* |

First, Petitioner asserts that his detention is governed by 8 U.S.C. § 1226, which requires that immigrant detainees receive a bond hearing in certain cases. We disagree. Rather, the Court concludes that Petitioner is in the position of an applicant for admission under 8 U.S.C. § 1225. *See* 8 U.S.C. § 1225(a)(l) ("applicant for admission" includes "[a]n alien present in the United States who has not been admitted"). Though Petitioner was paroled into the United States, that does not constitute "entry" or "admission" for purposes of the law. Moreover, as this Court explained elsewhere, 8 U.S.C. § 1226 applies only to aliens detained pursuant to a warrant. *See Altamirano Ramos v. Lyons*, --- F.Supp.3d ----, 2025 WL 3199872, at *5-*6 (describing process for arresting and detaining alien pursuant to a warrant under 8 U.S.C. § 1226, as explained by the Supreme Court). Although Petitioner was originally detained in 2024 pursuant to a Form I-200 warrant, there is no evidence that the *re-detention* he now challenges was executed pursuant to a warrant. Accordingly, Petitioner, as an applicant for admission, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a). *See Altamirano Ramos*, 2025 WL 3199872, at *4-*5.

Second, Petitioner contends the Fifth Amendment Due Process Clause necessitates his release. The Court has also elsewhere explained that applicants for admission are entitled only to those due process rights that Congress has afforded by statute. *See Sagastegui-Ronceros Luiguie Martin v. Fereti Semaia et al*, No. 5:25-cv-03324-SVW-BFM, ECF No. 21, at 4-7. Given that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(a), as just discussed, Petitioner is subject to mandatory detention.

Because Petitioner has not shown a likelihood of success or serious questions going to the merits, the Court need not address the remaining *Winter* factors.[1]

---

[1] Petitioner argued in his Petition that Respondents' decision to detain him pursuant to 8 U.S.C. § 1225 violated the APA. *See* Pet. ¶ 62. Because we conclude that Petitioner is an applicant for admission under 8 U.S.C. § 1225, Respondents' decision to detain him pursuant to this statute does not violate the APA.

| | : | |
|---|---|---|
| | Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00906-SVW-DFM | Date | March 27, 2026 |
|---|---|---|---|

| Title | *Lakhwinder Lakhwinder v. Warden of the Desert View Facility et al* |
|---|---|

**V.      Conclusion**

For the foregoing reasons, Petitioner's ex parte application for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

:

|  Initials of Preparer  |  DTA  |
|---|---|